# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PEDRO R. DUARTE,

  *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

  *Respondents.*

Case No. 2:12-cv-01305-JAD-PAL

**O R D E R**

  This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (Doc. 24) to dismiss.  Respondents contend that a number of claims in the first amended petition (Doc. 17) are unexhausted and/or fail to state a claim upon which relief may be granted.  The Court finds the argument unsupported and denies the Motion.  The Court also reconsidered its prior denial of the request to appoint counsel and finds that the interests of justice dictate the appointment of counsel for Mr. Duarte.

### *Background*

  Petitioner Pedro R. Duarte challenges his 2003 Nevada state judgment of conviction, pursuant to a jury verdict, of one count of conspiracy to commit robbery, two counts of attempt murder without the use of a deadly weapon, three counts of attempt robbery without the use of a deadly weapon, and one count of possession of a stolen vehicle.  Duarte challenged the conviction in the state courts on direct appeal and in multiple state post-conviction petitions.

### *Governing Law*

  Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts.  To satisfy this

exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

With regard to claims filed in federal court, federal habeas pleading is not notice pleading; a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Even under the more liberal notice-pleading standard applicable to general civil actions, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. 556 U.S. at 679. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

While federal habeas pleading is not notice pleading, the allegations of a *pro se* pleading nonetheless are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The law is well established that this less stringent standard applies fully to *pro se* habeas petitions. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 493 (1989); *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002); *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001).

### *Discussion*

The Court will discuss all issues raised as to a ground in numerical ground order rather than addressing issues directed to the same ground in different parts of the order.

**Ground 1**

Respondents contend that ground 1 fails to state a claim on the following basis:

> Ground 1 Fails to State a Claim:
>
> When DUARTE filed his federal petition, he asserted that his right to due process of law under the 14th Amendment was violated when the State did not preserve evidence. However he fails to indicate to what constitution this amendment was attached. As stated, *supra*, a state prisoner is entitled to habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68, (1991).

Doc. 24, at 11-12.

Ground 1 begins as follows, with the non-underlined portions below reflecting the pre-printed portions of the Court's required petition form:

> I allege that my state court conviction and/or sentence are unconstitutional, in violation of my __Fourteenth__ Amendment right to __Due Process of Law__, based on these facts:
>
> WHETHER THE DESTRUCTION OF EVIDENCE CONSTITUTED A VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS
>
> In California v. Trombetta, the United States Supreme Court addressed the issue of whether due process requires the State to preserve potentially exculpatory evidence on behalf of defendants. . . . .

Doc. 17, at 3. Petitioner thereafter presents five pages of specific factual allegations on the claim. He concludes with the allegation that, due to the State's alleged failure to preserve the evidence in question, "Duarte's Fourteenth Amendment rights to due process were violated." Doc. 17, at 7.

This is a busy court with a heavy docket. The most restrained comment that the Court can make regarding respondents' argument is that it is patently frivolous. Even without liberal construction of *pro se* pleadings, it is abundantly clear that a habeas petitioner filling in "Fourteenth" in front of the word "Amendment" on the Court's required petition form is relying on the Fourteenth Amendment of the United States Constitution. Any doubt in that regard – as unreasonable as it would be – would be immediately removed by petitioner's citation immediately to a United States Supreme Court case applying the Due Process Clause of the Fourteenth Amendment of the United States Constitution. If counsel presents a similar argument again, counsel can expect to be directed to show cause why sanctions should not be imposed.

Respondents further contend that Ground 1 is not exhausted. They claim that petitioner presented a claim in the state courts only of ineffective assistance of trial counsel based on counsel's failure to present a challenge based on the state's failure to preserve the evidence. Respondents urge that petitioner did not present an independent substantive claim under the Due Process Clause of the Fourteenth Amendment based on the State's failure to preserve the evidence.

The substantive claim in federal Ground 1 would appear to be virtually identical to the first substantive claim presented to and addressed by the state supreme court on Duarte's direct appeal in No. 42256. See Doc. 25, Ex. 11, at 1-4 (order); *id.*, Ex. 9, at 6-10 (brief). That indeed is the basis given in the first amended petition for exhaustion of the ground.

Counsel must put more care into assuring that the papers filed by counsel are supported both legally by nonfrivolous arguments and factually by the underlying record. Ground 1 both states a claim upon which relief may be granted and is exhausted.

***Ground 2***

1   As to Ground 2, respondents similarly contend that the claim exhausted by petitioner
"in his state petition" was an ineffective assistance claim but federal Ground 2 instead is a
substantive claim.  A federal habeas petitioner of course potentially can exhaust claims also
on direct appeal.  The substantive claim in federal Ground 2 clearly was exhausted on direct
appeal, which is the basis for exhaustion stated in the first amended petition.  See Doc. 25,
Ex. 11, at 4-6 (order); *id.*, Ex. 9, at 10-21 (brief).  Ground 2 is exhausted.

### *Ground 3*

Respondents make the same fundamental error with regard to Ground 3.  The substantive claim in federal Ground 3 clearly was exhausted on direct appeal, which is the basis for exhaustion stated in the first amended petition.  See Doc. 25, Ex. 11, at 6-9 (order); *id.*, Ex. 9, at 21-27 (brief).  Ground 3 is exhausted.

### *Ground 6*

In Ground 6, petitioner alleges that he was denied effective assistance of trial counsel when counsel allegedly failed to conduct an adequate pretrial investigation and to present trial testimony by a competent investigator.  Respondents contend that Ground 6 – without qualification – fails to state a claim because petitioner does not allege specifically what favorable testimony defense investigator Phil Needham would give.

The Court is not persuaded.  Ground 6 provides three pages of factual specifics, including regarding the testimony of the state's crime scene analyst.  Petitioner alleges that defense counsel chose not to call Needham "to rebut the testimony of crime scene analyst Larry Morton."  He further alleges, *inter alia*, that Needham's testimony "would have suppled a basis for doubting the State's claim that the Arrowhead water bottle was found in the back area of [a particular vehicle]."  Even for a counseled petition, that perhaps would have been enough specificity with the extensive context given.  It clearly was so for a *pro se* petition.

Moreover, as discussed further, *infra*, following upon the submissions on the present motion, the Court has reconsidered the prior denial of appointment of counsel.  To the extent, *arguendo*, that current Ground 6 could be alleged with more specificity, counsel will be able to do so in the counseled amended petition.  Ground 6 sufficiently states a claim for relief in

the *pro se* petition.

**Ground 10**

Respondents contend that Ground 10 is in part unexhausted. Respondents maintain that the allegedly unexhausted portion of the claim was asserted in a petition that, at the time of the filing of the motion to dismiss, still was before the state supreme court on a post-conviction appeal, in No. 61909. The state supreme court since has issued an order of affirmance and remittitur in No. 61909. The Court therefore does not hold, on the showing made, that federal Ground 10 is unexhausted, following the conclusion of the state proceedings.

**Ground 11**

Respondents contend that ground 11 is unexhausted on the following basis:

> In his state court petition, DUARTE asserted that his counsel was ineffective for failing to argue on appeal that the search warrant application contained factual errors. See ECF 22, Ground 5. However, when presented in his federal petition, he asserts a claim that the lack of a motion to suppress in view of not being granted a hearing to determine the reliability of the information in the affidavit is a wholly different theory. Because the Nevada Supreme Court was never fairly presented this question, the claim remains unexhausted and his mixed petition must be dismissed.

Doc. 24, at 15.

The Court has difficulty following this argument. The second full sentence does not appear to make grammatical sense. Moreover, if the Court is looking at the correct state court claim,[1] the claim in federal court repeats a substantial portion of the corresponding state court claim verbatim. While there is some different language toward the end of the federal claim, both the federal and state claims include allegations that appellate counsel should have

---

[1] The motion to dismiss begins by citing state court record exhibits according to their exhibit number in the index of exhibits. Respondents thereafter cite to an "ECF 22" document that the Court is unable to correlate to the state petition in question. The state court petition at Exhibit 22 does not appear to be the petition to which respondents are referring. Counsel must do better when referring the Court to the relevant portions of the state court record. In this case, respondents first missed claims clearly presented on direct appeal and thereafter ambiguously referred the Court to state post-conviction claims where there are multiple state court petitions in the record.

challenged the state district court's failure to grant a hearing on the motion to suppress to determine the reliability of the information in the search warrant affidavit. See Doc. 25, Ex. 13, at 16, lines 13-19 (at electronic docketing page 63). The Court thus is at a loss as to how to follow respondents' argument, much less provide a definitive ruling. The Court therefore does not hold, on the showing made, that federal ground 11 is unexhausted.

### Grounds 14 through 20

Respondents contend that Grounds 16 and 18 to 20 fail to state a claim for relief and that Grounds 14-18 are unexhausted. The Court defers consideration of any issues as to these claims for two reasons.

First, following the conclusion of the proceedings on the last state petition, at the very least the exhaustion issue may have become moot in whole or in part, subject then to any procedural default issue that may arise based on the state court ruling. Second, the Court is appointing counsel for petitioner. Any *arguendo* pleading deficiencies in the current *pro se* pleading potentially may become moot following upon the filing of a counseled amended petition.

### Appointment of Counsel

On reconsideration, following review of the papers presented on the current motion, the Court finds that appointment of counsel would be in the interests of justice.

While petitioner referred previously to his Cuban heritage, he did not allege previously in seeking counsel also that he was not sufficiently fluent in English to argue his case. Being of Cuban descent does not necessarily signify that an individual is not fluent in English. In reviewing the record on the present motion, it appears that petitioner did have a Spanish-language interpreter in the state court proceedings.

Previously in this Court, petitioner apparently had another inmate help him with his prior papers who no longer is available to him. His prior papers were articulate, cogent, and well-reasoned. The opposition to the motion to dismiss is not, and it does not reflect a ready command of the English language. *Inter alia*, petitioner failed to identify a number of obvious fundamental flaws in meritless arguments made by respondents in the motion.

1   Accordingly, on reconsideration, the Court finds that justice most reliably would be served in this matter by petitioner being represented by counsel who can provide meaningful adversarial argument on the claims and issues presented in this case.[2]

**IT THEREFORE IS ORDERED** that respondents' motion (**Doc. 24**) to dismiss is **DENIED** on the showing made.

**IT FURTHER IS ORDERED** that, on reconsideration, petitioner's prior motion (**Doc. 3**) for appointment of counsel is **GRANTED**.  The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

**IT FURTHER IS ORDERED** that the **Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so.**  If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel.  A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.  The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment.  Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

---

[2] Moreover, as a collateral benefit, the ultimate expeditious resolution of this matter further will be fostered with counsel reliably referring the Court to the relevant portions of the state court record on the quite large number of claims and issues presented in the case.  On the present motion, the Court has not been reliably referred to all record materials relevant to the defenses raised.  The Court does not wish to try to resolve claims on a 101-page petition where there may be a doubt as to whether the Court reliably is being directed to the record materials relevant to an issue.

1    **IT FURTHER IS ORDERED** that, the Court's prior order (Doc. 16) barring successive
2 motions to dismiss that serially raise defenses shall not operate to prevent respondents from
3 raising any and all defenses then applicable to the counseled amended petition filed.
4    **IT FURTHER IS ORDERED** that counsel shall send a hard copy of the state court
5 record and all related exhibits filed to, for this case, the **Las Vegas Clerk's Office**.
6    The Clerk accordingly shall SEND a copy of this order, over and above the electronic
7 notice to respondents, to the *pro se* petitioner in proper person, the Federal Public Defender,
8 and the CJA Coordinator for this Division.  The Clerk further shall provide the Federal Public
9 Defender with copies of all prior filings herein, by regeneration of notices of electronic filing
10 or  through such other means as is expedient for the Clerk.
11    Dated: March 20, 2014.

_____
JENNIFER A. DORSEY
United States District Judge