UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Pedro R. Duarte,<br><br>　　Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>　　Respondents | 2:12-cv-01305–JAD-PAL<br><br>**Order Denying Motion to Dismiss and Directing Respondents to File an Answer**<br><br>[ECF No. 58] |

　　Pedro R. Duarte, who is represented by the Federal Public Defender's Office, brings this second-amended § 2254 petition to challenge his Nevada state court conviction for robbery and related charges. Respondents move to dismiss Duarte's petition,[1] arguing that his claims are either untimely, procedurally barred, or unexhausted. I deny respondents' motion and give them until October 22, 2016, to file an answer to Duarte's petition.

## Background

　　In July 2003, a jury in Nevada's Eighth Judicial District Court convicted Duarte of conspiracy to commit robbery and/or murder, attempted murder with use of a deadly weapon (two counts), attempted robbery with use of a deadly weapon (three counts), and possession of a stolen vehicle (four counts).[2] The state court entered Duarte's judgment of conviction on October 10, 2003. Duarte appealed his conviction; the Nevada Supreme Court affirmed, and remittitur issued on July 22, 2005.[3]

---

[1] Respondents entitled their filing an answer. ECF No. 58. In his opposition, Duarte pointed out that the filing should be construed as a motion to dismiss, and respondents concede in their reply that the filing is a dismissal motion. ECF No. 63.

[2] The exhibits referenced in this order are exhibits to respondents' first motion to dismiss, ECF No. 24, and continue sequentially as exhibits to Duarte's second-amended petition, ECF No. 47. They are found at ECF Nos. 25–26, 48–49, and 64.

[3] Exhs. 11, 12.

On June 23, 2006, Duarte filed a pro se habeas petition in state court.[4] The state district court appointed counsel, who filed an amended petition on Duarte's behalf.[5] The state district court denied the petition; Duarte appealed, and on September 18, 2008, the Nevada Supreme Court affirmed in part, reversed in part and remanded for an evidentiary hearing on Duarte's claims that his trial counsel was ineffective for failing to investigate and call witnesses.[6]

Two days before the Nevada Supreme Court's remand order, on September 16, 2008, Duarte filed a second, self-titled successive habeas petition in state court in which he asserted a claim for ineffective assistance of counsel based on his counsel's failure to object to a jury instruction on conspiracy and aiding and abetting.[7] The state district court again appointed counsel, who filed an amended supplemental petition on Duarte's behalf.

In May 2010 and May 2011 the state district court held evidentiary hearings on Duarte's remanded ineffective-assistance-of-counsel claims.[8] The state district court ultimately denied Duarte's amended habeas petition, finding that he failed to show that his counsel's performance was ineffective.[9] The Nevada Supreme Court affirmed and concluded that Duarte's 2008 habeas petition did not relate back to his 2006 petition, was beyond the scope of the remand order, and was therefore a separate, independent matter still pending in the state district court.[10]

On October 4, 2012, the state district court dismissed Duarte's second postconviction petition as successive and time barred under NRS § 34.726 and § 34.810(2).[11] Duarte appealed; the Nevada

---

[4] Exh. 13.

[5] Exh. 15.

[6] Exh. 24.

[7] Exhs. 22, 23.

[8] Exhs. 31, 32.

[9] Exh. 34.

[10] Exhs. 35, 36.

[11] Exh. 37.

1  Supreme Court affirmed, and remittitur issued on October 18, 2013.

2        On July 17, 2012, Duarte dispatched his federal habeas petition.[12]  He filed a statement of
3  additional claims on September 13, 2012,[13] and an amended petition on December 14, 2012.[14]
4  Respondents moved to dismiss, and I denied respondents' dismissal motion and appointed the
5  Federal Public Defender to represent Duarte.[15]  The FPD then filed a second-amended petition.
6  Respondents now move to dismiss Duarte's counseled petition, arguing that all of Duarte's claims
7  are either time-barred (because they do not relate back to the original petition), procedurally barred,
8  or unexhausted.

## Discussion

**A.  28 U.S.C. § 2244(d)(1) and relation back**

11        Duarte's petition is subject to AEDPA's one-year limitations period, which began to run on
12  the date that his state-court judgment of conviction became final.[16]  The time that a timely filed state
13  habeas petition is pending is excluded from the limitations period.[17]  A new claim in an amended
14  petition that is filed after the expiration of the one-year federal-limitations period is timely only if the
15  new claim "relates back" to a claim in a timely filed pleading under FRCP 15(c).  An amended
16  petition relates back only if "the original and amended petitions state claims that are tied to a
17  common core of operative facts . . . ."[18]  Though claims that "depend upon events separate in 'both
18  time and type' from the originally raised episodes" will not relate back,[19] a claim that merely adds "a

---

[12] ECF No. 9.

[13] ECF No. 10.

[14] ECF No. 17.

[15] ECF No. 39.

[16] 29 U.S.C. § 2244(d)(1)(A).  There are other dates on which the limitations period can begin to run; none of them apply here.

[17] 28 U.S.C. § 2244(d)(1)(2).

[18] *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

[19] *Mayle*, 545 U.S. at 657.

new legal theory tied to the same operative facts as those initially alleged" will relate back to a timely filed petition.[20]

Both parties agree that Duarte's limitations period expired in October 2012 and thus both Duarte's initial federal habeas petition and his statement of additional claims were timely. The parties also agree that Duarte's first-amended petition and his counseled petition were filed after the limitations period had expired. But the parties dispute whether the claims raised in Duarte's second-amended petition relate back his timely original petition or statement of additional claims or whether Duarte is entitled to equitable tolling.

**B.     Ground 1 relates back and is timely**.

In ground 1, Duarte argues that law enforcement's DNA testing of the plastic water bottle found in the getaway vehicle destroyed the evidence, which prevented the defense from re-testing the bottle in violation of his Fifth and Fourteenth Amendment rights.[21]

In his original petition, Duarte claimed that his trial counsel was ineffective for failing to attempt to re-test the bottle for two years.[22] He also claimed that his trial counsel was ineffective for failing to present the retained defense expert to challenge the state's testing method and to testify that insufficient amounts of DNA remained for the second test.[23]

Duarte included the factual allegations underpinning ground 1 in his original petition: that the state's method of testing the water bottle destroyed the evidence. I therefore find that ground 1 shares a common core of operative facts with the water-bottle based IAC claim in Duarte's original petition. Accordingly, ground 1 relates back to Duarte's original petition and is therefore timely.

**C.     Duarte is entitled to equitable tolling, so ground 2 is timely.**

In ground 2, Duarte claims that the state introduced custodial statements he made to police after invoking his right to counsel in violation of the Fifth and Fourteenth Amendments. Duarte

---

[20] *Id.* at 659, n. 5.

[21] ECF No. 47 at 17–19.

[22] ECF No. 9 at 3.

[23] *Id.* at 5.

asserted this claim for the first time in his first-amended petition, which was filed after the limitations period expired.

Equitable tolling is available only if a petitioner can show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing.[24] Citing the Ninth Circuit's decision in *Sossa v. Diaz*, Duarte argues that he is entitled to equitable tolling until December 14, 2012—the date he filed his first-amended petition.[25]

The *Sossa* court held that the magistrate judge's order granting a prisoner additional time to file his first-amended habeas petition equitably tolled the federal limitations period because the extension affirmatively misled the prisoner into believing that a petition filed by the extended deadline would be timely.[26] Like the petitioner in *Sossa*, Duarte filed his first-amended petition pro se and in response to a court order extending the deadline. I also find that this court's orders extending Duarte's deadline to file his first-amended petition are, in hindsight, similarly misleading.

In response to Duarte's timely-filed statement of additional claims, on September 26, 2012, Judge Mahan entered an order giving Duarte until October 26, 2012,[27] to "amend his petition to more fully incorporate the additional claims he wishes to bring."[28] On October 24, 2012, Duarte filed a motion for an extension of time to file his first-amended petition.[29] Two days later, Judge Mahan

---

[24] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Sossa v. Diaz*, 729 F.2d 1225, 1229 (9th Cir. 2013) ("[T]he requirement that extraordinary circumstances stood in [the petitioner's] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.") (internal quotations and citations omitted).

[25] ECF No. 63 at 18.

[26] *Sossa*, 729 F.3d at 1233.

[27] Respondents claim that Duarte's one-year limitations period expired on October 14, 2012, ECF No. 58 at 14, while Duarte calculates the one-year cut off at October 1, 2012, ECF No. 63 at 18. Either way, the September 26, 2012, order extended the deadline beyond the statute-of-limitations period.

[28] ECF No. 14 at 1.

[29] ECF No. 15.

granted Duarte's request, stating that "the court appreciates the difficulties often encountered by prisoners in their efforts to conduct their legal proceedings," and extended the deadline for Duarte's first-amended petition to January 16, 2013.[30] Both the September 26 and October 26 extension orders were issued pre-*Sossa* and neither contains the now-standard admonishment included in habeas orders in this district cautioning that the prisoner at all times remains responsible for calculating the limitation period without regard any deadlines set by the court. I therefore find that Duarte is entitled to equitable tolling under *Sossa* from September 26, 2012, to December 14, 2012, his first-amended petition is therefore timely, and ground 2 in Duarte's second-amended petition is timely because it relates back to the first-amended petition.

**D.     Grounds 3, 4(e) and 5(c) will proceed.**

Respondents argue that grounds 3 and 5(c) do not relate back and are untimely, and that grounds 3, 4(e), and 5(c) fail because they are procedurally defaulted.[31]

   *1.     Grounds 3, 4(e), and 5(c) relate back and are timely.*

In ground 3, Duarte asserts that the trial court erred by instructing the jury that "[a] conspirator and/or aider or abetter is guilty not only of the offense he intended to facilitate or encourage, but also of any reasonably foreseeable offense committed by a co-conspirator and/or the person he aids and abets,"[32] thus allowing the jury to convict him of attempted murder without finding that he harbored a specific intent to kill.[33] In ground 4(e), Duarte claims that his trial counsel was ineffective for failing to object to this jury instruction and ground 5(c) is a claim for ineffective assistance of appellate counsel for failure to challenge this jury instruction on appeal.

---

[30] ECF No. 16 at 1.

[31] ECF No. 58 at 15–22.

[32] Exh. 53 at 22.

[33] ECF No. 47 at 22–25.

In his timely filed statement of additional claims, Duarte raised an ineffective-assistance-of-counsel claim for his trial counsel's failure to challenge these jury instructions.[34]  Ground 4(e) re-alleges this claim and is timely.  And, although grounds 3 and 5(c) are based on new legal theories (ineffective-assistance-of-appellate-counsel and trial-court error), these grounds are "tied to the same operative facts as those initially alleged"[35] in Duarte's timely filed statement of additional claims: the allegedly erroneous jury instruction.  Grounds 3 and 5(c) therefore relate back and are also timely.

### 2.   I defer a decision on whether grounds 3, 4(e), and 5(c) are procedurally barred or whether the default is excused under <u>Martinez v. Ryan</u>.

Duarte first raised grounds 3, 4(e), and 5(c) in the state courts in his second post-conviction petition.[36]  The Nevada Supreme Court affirmed the denial of that petition in its entirety, concluding that the petition was time-barred[37] and successive[38] and that Duarte failed to demonstrate good cause and actual prejudice to overcome these procedural bars.[39]

Respondents contend that grounds 3, 4(e) and 5(c) are procedurally barred from review by this court.  Duarte responds that the state procedural default should not bar review because he can show cause and prejudice to excuse the default.  Duarte contends that the procedural default should be excused under the United States Supreme Court's decision in *Martinez v. Ryan* because he received ineffective assistance of post-conviction counsel.

In *Martinez*, the United States Supreme Court created a "narrow exception" to the general rule that ineffective assistance of counsel in post-conviction proceedings does not establish cause for

---

[34] ECF No. 10 at 11–14.

[35] *Id.* at 659, n.5.

[36] Exh. 22.

[37] Under NEV. REV. STAT. § 34.726(1).

[38] NEV. REV. STAT. § 34.810(1)(b)(2) and 34.810(2).

[39] Exh 80.

1 the procedural default of a claim.[40]  The *Martinez* court held that:

2 > Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.[41]

5 The Ninth Circuit has expanded the rule announced in *Martinez* to excuse procedural default where counsel was ineffective on direct appeal by failing to raise a defaulted claim.  To prevail, the petitioner must first establish cause by showing that his appellate counsel or counsel in his post-conviction proceeding was ineffective under *Strickland*.  *Strickland*, in turn, requires the petitioner to establish both that counsel's performance was deficient and that he was prejudiced as a result.[42] Because the *Martinez* analysis is, to a large extent, intertwined with the underlying merits of Duarte's IAC claims, I defer ruling on the *Martinez* issue until the merits of these grounds are briefed in respondents' answer and Duarte's reply.

**E.     Ground 5(b) will proceed.**

In ground 5(b), Duarte asserts that appellate counsel was ineffective for failing to raise a *Batson* issue on appeal: the trial court's failure to examine whether the state's proffered race-neutral explanations for its striking of Hispanic jurors were a pretext for discrimination.[43]  Respondents argue that ground 5(b) does not relate back and is untimely and, alternatively, that it is unexhausted.[44]

In his timely filed initial federal petition, Duarte asserted a claim that trial counsel was ineffective for failing to move for a *Batson* hearing when the state used peremptory challenges to remove Hispanic jurors from the panel.[45]  Though ground 5(b) is based on the trial court's error rather than ineffective assistance of trial counsel, ground 5(b) and the *Batson* claim in Duarte's initial

---

[40] *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012).

[41] *Id.*

[42] *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014).

[43] ECF No. 47 at 32–34.

[44] ECF No. 58 at 17–19.

[45] ECF No. 9 at 23.

petition share a common core of operative facts: that the state struck Hispanic jurors for discriminatory reasons and any proffered race-neutral reasons were merely pretextual. I therefore find that ground 5(b) relates back to Duarte's timely filed initial petition and is timely.

Respondents next argue that ground 5(b) is unexhausted because Duarte failed to raise it through direct appeal or state habeas proceedings. I have reviewed the state-court records and conclude that Duarte did not present ground 5(b) to the Nevada Supreme Court. Duarte may be able to show good cause for his failure to exhaust this ground under *Martinez*. Because the *Martinez* analysis is, to a large extent, intertwined with the underlying merits of this claim, I deny the motion in this regard without prejudice and thus defer ruling on the *Martinez* issue until the merits of this ground are briefed in respondents' answer and Duarte's reply.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that respondents' answer, which I construe as a motion to dismiss, **[ECF No. 58] is DENIED.**

IT IS FURTHER ORDERED that respondents must file an answer to the second-amended petition, including their arguments about whether Duarte's procedurally defaulted claims should be excused under *Martinez v. Ryan* by **October 22, 2016.** Duarte will have 30 days from service of respondents' answer to file a reply.

Dated August 23, 2016

_____
Jennifer A. Dorsey
United States District Judge